IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ekere Iyangette, # 33211-007,<br>*fka* Michael Thomas,<br>　　　　　　　　　　　Petitioner,<br>vs.<br>Travis Bragg,<br>　　　　　　　　　　　Respondent. | Civil Action No. 6:13-1219-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

　　　　　The petitioner Ekere Inyangette, f/k/a Michael Thomas, is a federal prisoner proceeding *pro se*, seeking habeas corpus relief pursuant to Title 28, United States Code, Sections 1651 and 2241.

　　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review petitions for relief and submit findings and recommendations to the district court.

　　　　　On November 8, 2013, the respondent filed a motion to dismiss or, in the alternative, for summary judgment. By order filed on November 12, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment and motion to dismiss procedures and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response in opposition (doc. 29) on December 16, 2013.

## BACKGROUND

　　　　　The petitioner is incarcerated at the Federal Correctional Institution in Bennettsville, South Carolina, serving a prison sentence for drugs imposed by the United States District Court for the Eastern District of Virginia in 2009. At sentencing, the court considered as part of the petitioner's criminal history a 2003 drug conviction from the

Superior Court for the District of Columbia, affirmed on appeal by the Court of Appeals for the District of Columbia ("D.C.C.A."). The petitioner was on supervised release for this conviction at the time of his 2009 federal case. With the 2003 D.C. conviction, the petitioner was designated a career offender by the District Court in Virginia, resulting in the enhanced sentence for which he is now incarcerated. The petitioner has filed two petitions pursuant to 28 U.S.C. § 2255 challenging his current federal conviction and sentence, both of which were dismissed. Having failed to correct his sentence via successive § 2255 actions, the petitioner is now seeking collateral review of the 2003 judgment entered and affirmed in the District of Columbia. Though he does not articulate it here, his calculated criminal history and resulting sentence in 2009 would possibly have been reduced with the exclusion of his 2003 D.C. conviction.

The gist of the petitioner's argument is that the District of Columbia's local statute authorizing collateral review, D.C. Code § 23-110, is an inadequate or ineffective remedy because, by its own terms, it directs collateral review considerations (such as a sentence imposed in violation of the Constitution) to the D.C. Superior Court. However, the Superior Court (which tried and sentenced him) lacks the authority to collaterally review the subsequent affirming decision from the D.C.C.A., which is the target of the petitioner's action. He targets the D.C.C.A. opinion and not the earlier Superior Court judgment because, in the interval, the Supreme Court of the United States issued *Crawford v. Washington*, 451 U.S. 36 (2004), and he contends the D.C.C.A. should have reversed his conviction in the Superior Court based on a similar Confrontation Clause violation as that identified in *Crawford*. He argues that since § 23-110 is accordingly inadequate or ineffective, he is entitled to habeas review in this district court.

*2003 Conviction in the District of Columbia*

The history of petitioner's 2003 D.C. conviction is as follows: Under the name Michael Thomas, the petitioner stood trial in the Superior Court for a drug crime. At the

trial, the court allowed into evidence a chemist's report as to the drugs involved, though the chemist did not appear as a witness. The petitioner was convicted, and his conviction and sentence were affirmed on direct appeal in *Thomas v. United States*, 914 A.2d 1 (D.C. 2006), *cert. denied*, 552 U.S. 895 (2007). In *Thomas*, the D.C.C.A. reviewed for plain error the trial court's failure to apply the Confrontation Clause rule of *Crawford v. Washington*, 541 U.S. 36 (2004), which was decided after the petitioner's trial. The D.C.C.A. found that admission of the chemist's report was "error" that was "plain" and affected the petitioner's "substantial rights," but affirmed his conviction because the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Thomas*, 914 A.2d at 24 ("For the foregoing reasons, the admission of the DEA chemist's report in violation of the Confrontation Clause does not entitle appellant to reversal of his conviction."). The Supreme Court of the United States thereafter denied the petition for certiorari. *See Thomas v. U.S.*, 552 U.S. 895 (2007).

### *Previous § 2241 Petition*

In 2011, the petitioner filed a § 2241 habeas petition in this court, *see Inyangette v. Drew*, Civil Action No. 6:11-cv-3401-MGL, in which he raised the same ground as presented here (erroneous judgment entered by the D.C.C.A.), as well as the additional ground of ineffective assistance of appellate counsel. In a Report and Recommendation, the undersigned recommended that the petition be dismissed in part because the petitioner had failed to exhaust his procedural remedies in the District of Columbia as to the ground of inadequate assistance of appellate counsel: the alternative remedy to § 23-110 is seeking the recall of the mandate from the D.C.C.A. *Inyangette v. Drew*, Civil Action No. 6:11-cv-3401-MGL, doc. 11 at pp. 6-7 (citing *Williams v. Martinez*, 586 F.3d 995 (D.C. Cir. 2009)). The Honorable Mary G. Lewis, United States District Judge, agreed that the petitioner had failed to exhaust his local remedies with regard to that ground and dismissed the petition without prejudice. *Id.*, doc. 24 at p. 3. With regard to the petitioner's allegation

that the D.C.C.A.'s ruling on the *Crawford* issue was in error, Judge Lewis found that the court was without jurisdiction to review or overturn the ruling.  Importantly, Judge Lewis ruled that the petitioner had failed to show that the remedy under D.C. Code § 23-110 was inadequate or ineffective so as to allow jurisdiction in this district court pursuant to § 2241, noting that the petitioner could not avail himself of this federal forum simply because his prior attempts to challenge his 2003 conviction in the District of Columbia courts and the Supreme Court of the United States had been unsuccessful. *Id.*, doc. 24 at pp. 2-3.

Thereafter, in an effort to pursue his remedies in the District of Columbia, the petitioner filed a motion in the D.C.C.A. to recall the mandate of that court.  His motion was denied on the merits by Order dated April 19, 2013, because it "[did] not identify any error of appellate counsel and appellant ha[d] not determined a legal basis for this court to have reviewed the Confrontation Clause issue presented in his appeal under any other standard than plain error" (*see* doc. 1-3 at p. 13).

## **APPLICABLE LAW AND ANALYSIS**

As matters outside the pleadings have been considered by this court, the motion will be treated as one for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. . . ."). Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.   In determining

4

whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

As noted above, following the dismissal of his 2011 petition here, the petitioner made a motion to recall the mandate from the D.C.C.A.. His motion was denied. In its Order denying recall, the D.C.C.A. ruled as follows: "[The motion] is denied on the merits. . . . In this instance the motion does not identify any error of appellate counsel and appellant has not demonstrated a legal basis for this court to have reviewed the Confrontation Clause issue presented in his appeal under any other standard than plain error" (doc. 1-3 at p. 13) (citation omitted).

While the petitioner has sought the recall of the D.C.C.A. mandate and has now exhausted his remedies with regard to the alleged ineffective assistance of appellate

counsel (thus addressing the deficiency on that ground identified by this court in his prior case, 6:11-3401-MGL), this has no bearing here as he did not raise the issue of ineffective assistance of appellate counsel in this case. Instead, the petitioner again challenges the finding of the D.C.C.A. in the direct appeal that, although the Confrontation Clause was violated in the petitioner's criminal case, the error did not seriously affect the fairness, integrity, or public reputation of the judicial proceedings (doc. 1 at p. 6). The petitioner contends that this grossly unfair outcome constitutes a miscarriage of justice (*id.*). However, as held by the Supreme Court of the United States, a federal district court cannot correct an alleged error with respect to a conviction or a sentence imposed by the District of Columbia Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977).

Even if the petitioner had raised ineffective assistance of counsel as an enumerated ground in the case at bar, it is clear from the D.C.C.A. opinion in *Thomas v. United States* that the petitioner's appellate counsel briefed the *Crawford* issue, and the Public Defender Service for the District of Columbia filed an *amicus curiae* brief on the *Crawford* issue. *Thomas*, 914 A.2d at 5. In the petition and accompanying memorandum in this case, the petitioner contends that the D.C.C.A. incorrectly decided the *Crawford* issue. Even if true, mistakes allegedly made by a court do not constitute ineffective assistance on the part of counsel who are participating in the particular court proceeding. *Cf. United States v. Tiedemann*, No. Crim 95-406-1, Civ. 97–3997, 1997 WL 587255, at *3 (E.D. Pa. Sept. 12, 1997) ("If this determination was in error, it was not the ineffectiveness of counsel but the mistake of the court[.]"). Moreover, the petitioner's appellate counsel subsequently filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied. *See* 552 U.S. 895 (2007).

As for the only ground raised by the petitioner here (his *Crawford* claim), in light of this court's prior decision, the claim is repetitive because it was raised in his memorandum in support of the petition in that case and was specifically addressed by

6

Judge Lewis in dismissing the prior case. *See Inyangette v. Drew*, Civil Action No. 6:11-cv-3401-MGL, doc. 1-14 at pp. 12-16 and doc. 24 at pp. 2-3. Hence, the petitioner's *Crawford* claim is subject to dismissal for the same reasons cited by Judge Lewis in the prior case. *Id.*, doc. 24 at pp. 2-3. As a result, this court may take judicial notice of the prior case and dismiss this case. *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 26) be granted and the habeas petition be dismissed *with prejudice*. It is also recommended that the district court deny a certificate of appealability.

IT IS SO RECOMMENDED.

May 7, 2014                                                  s/Kevin F. McDonald
Greenville, South Carolina                          United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).