IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ekere Iyangette, #33211-007, *f/k/a Michael Thomas*, | ) Civil Action No.: 6:13-1219-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Travis Bragg, | ) |
| Respondent. | ) |

The petitioner, Ekere Iyangette ("the petitioner" ), a federal prisoner proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. §§ 1651 and 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling and a Report and Recommendation ("Report").  Judge McDonald recommends that the respondent's motion for summary judgment be granted and the habeas petition be dismissed with prejudice. (ECF No. 41.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them herein without recitation.

## BACKGROUND

The petitioner filed this action against the respondent on May 2, 2013.[1] On May 7, 2014, the Magistrate Judge issued a Report , (ECF No. 41), and the Clerk of Court entered the petitioner's objections, (ECF No. 43), on May 30, 2014.  The court has reviewed the

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on May 3, 2013, by the Federal Correctional Institution mailroom. (ECF No.1-1.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

In regards to the filing of objections, the Magistrate Judge instructed the petitioner as follows:

> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

> recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).
>
> *****
>
> **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

(ECF 41 at 8). But, the petitioner failed to make any specific objections to the Report. Instead, he generally made arguments that the Magistrate Judge has already considered and rejected. Because the court agrees with the Magistrate Judge's treatment of these issues, it need not discuss them again here. As such, the petitioner's objections are overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation.

It is therefore ORDERED that respondent's motion for summary judgment (ECF No. 26) is GRANTED, and the habeas petition is DISMISSED WITH PREJUDICE.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

                                        /s/Bruce Howe Hendricks
                                        United States District Judge

March 30, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.